UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: )<br>)<br>BRIAN C. SHEEHY, )<br>)<br>) Chapter 7<br>) Case No. 11-11233-FJB<br>Debtor )<br>) |  |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
DEBTOR'S CHAPTER 7 CASE FOR ABUSE UNDER
SECTION 707(b)(1) AND (2)(A)
(WITH CERTIFICATE OF SERVICE)**

The United States Trustee moves the Court to dismiss the chapter 7 case of Brian C. Sheehy ("Debtor") under 11 U.S.C. 707(b)(1) and (2)(A) for presumed abuse. In support, the United States Trustee says:

1. The Debtor filed a voluntary chapter 7 petition on February 17, 2011.

2. On March 29, 2011, the Debtor filed his schedules, statement of financial affairs and his means test form ("Form 22A").

3. Stewart F. Grossman was appointed as the chapter 7 trustee.

4. This is a core proceeding under 28 U.S.C. 157(b)(2).

5. The Debtor's section 341 meeting of creditors was held on April 26, 2011.

6. On April 28, 2011 the United States Trustee ("UST") initiated an informal inquiry, requesting, among other things, documents used in preparing Form 22A. These documents have not yet been provided by the Debtor.

1

7. On May 6, 2011, the UST timely filed a statement that "the United States Trustee is currently unable to determine whether the Debtor's case would be presumed to be an abuse under Section 707(b) of the Bankruptcy Code."

8. On May 19, 2011 the Debtor filed an Amended Form 22A ("Amended Form 22A"). On this form the debtor checked the box that states that the presumption of abuse arises. Docket #32.

9. On May 19, 2011 the UST timely filed a statement that "[t]he United States Trustee has reviewed all materials filed and submitted by the Debtor, including certain additional documents received after the filing of the United States Trustee's initial statement under section 704(b)(1)(A). Based on this review, the United States Trustee has determined that the Debtor's case is presumed to be an abuse under 11 U.S.C. section 707(b)(2)." See 11 U.S.C. 704(b)(1)(A).

10. The deadline for filing a motion to dismiss under 11 U.S.C. 707(b)(2), is June 6, 2011. This motion is timely filed. See 11 U.S.C. 704(b)(2).

**Application of 707(b)(7) Exclusion**

11. At lines 12 and 13 of Amended Form 22A, the Debtor reported current monthly income ("CMI") of $21,604.10 and annualized CMI of $259,249.20, respectively. Docket #32.

12. On line 14 of Amended Form 22A, the Debtor stated that his household size is three. The applicable state median income for a Massachusetts household of three for cases filed between November 1, 2010 and March 14, 2011 is $83,736.00. Id.

13. The Debtor's annualized CMI exceeds the median family income by approximately $175,513.20.

2

### Total Deductions Allowed Under 11 U.S.C. 707(b)

14. Adding lines 33, 41 and 46 of UST 22A, the Debtor's total allowed deductions amount to $16,458.72. Id.

### Determination of 11 U.S.C. 707(b)(2) Presumption

15. After subtracting the Debtor's deductions of $16,458.72 from his CMI of $21,604.10, there remains **$5,145.38** of monthly disposable income at line 50. This income, multiplied by 60 months equals **$308,722.80** at line 51. Id.

16. The Debtor is an individual debtor under chapter 7 whose debts are primarily consumer in nature. The Debtor has scheduled, on schedule "F," general unsecured debts totaling $163,523.50.

### The Presumption Arises

12. Section 707(b)(2)(A)(i) provides in pertinent part:

> the court shall presume abuse exists if the debtor's current monthly income reduced by [certain deductions] and multiplied by 60 is not less than the lesser of---
> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
> (II) $11,725 . . . .

13. Under this provision, the Court must presume that the granting of a chapter 7 discharge in a case is abusive if the debtor has monthly disposable income of more than $195.42 or $11,725 over 60 months.

14. In the instant case, the presumption of abuse arises. The Amended Form 22A

means test calculations reveal that the Debtor's monthly disposable income is approximately **$5,145.38**, or **$308,722.80** over 60 months.  Docket #32.  Accordingly, the presumption of abuse arises and the Debtor's case should be dismissed.

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders: i) dismissing the Debtor's chapter 7 case under 11 U.S.C. 707(b)(1) and (2)(A) for presumed abuse, and ii) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION ONE

By:    */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
United States Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE:    (617) 788-0415
FAX:    (617) 565-6368
Eric.K.Bradford@USDOJ.gov

Dated: June 6, 2011.

**CERTIFICATE OF SERVICE**

    I certify that on June 6, 2011, true and correct copies of the foregoing motion were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including the Debtor's counsel, who is listed below.

                            WILLIAM K. HARRINGTON
                            UNITED STATES TRUSTEE
                            REGION ONE

By:    */s/ Eric K. Bradford*
        Eric K. Bradford BBO#560231
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA 02109-3934
        PHONE:    (617) 788-0415
        FAX:    (617) 565-6368
        Eric.K.Bradford@USDOJ.gov

Dated: June 6, 2011.

Gary W. Cruickshank, Esq.
Law Office of Gary W. Cruickshank
21 Custom House Street, Suite 920
Boston, MA 02110
(Debtor's Counsel)

Stewart F. Grossman, Esq.
Looney & Grossman
101 Arch Street
Boston, MA 02110
(Chapter 7 Trustee)